Mr. Chief Justice ShaRkev
delivered the opinion of the court.
The only question in this case is as to the sufficiency of the return of service on this writ. The service, as it appears, is in these words: “State of Mississippi, Lowndes county: I acknowledge service of the within writ 31st day of September, 1833: Daniel Harvie:” which, it is said, is insufficient to justify the judgment by default without proof of the service.
An authority in 1 Bibb is relied on in support of that position; *107 but by that authority the judgment would have been equally irregular; if the court had ever received proof of the service of the process in the absence of the defendant. See Brittenham et al. v. Cummins, 1 Bibb, 487. Under the application of the law, as it is there laid down, I do. not think a case can be imagined in which the written acknowledgment of the party would amount to a good-service, unless he should also appear in obedience thereto, as the court would not, in his absence, be authorised to receive proof of the service; and this, I think, is sufficient to show that the authority, so far as it holds it to be improper for the court to receive evidence of the service, on the default of the party, is questionable.
The statute points out the mode to be pursued by the sheriff in the service of writs, but the service may be made by different persons, and if duly proved will be good. If, for instance, the court had received evidence-of the handwriting of Harvie, or if the service had been proved by a witness present, it would have been sufficient. But I think thé authority cited is correct, so far as it’ goes, in holding the service insufficient without proof. I do not know of any rule according to principle, by which such service is good without proof. The mere written acknowledgment of the party can be very little if any better than his verbal admission, and would have to be proved in the same way.
The return of the sheriff is conclusive, because he is the officer of the court, acting under oath, and officially bound to make true returns.
The judgment must be reversed, and the cause remanded.